UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RONALD LARKINS,

                        Plaintiff,

v.

STATE OF NEW YORK OFFICE OF THE
ATTORNEY GENERAL, STATE TROOPER
CHRISTOPHER SPATH, INVESTIGATOR
JARED PROPER, STATE TROOPER ANDREW
CAMPBELL,

                        Defendants.

5:14-CV-1106
(GLS/TWD)

APPEARANCES

RONALD LARKINS, 11-B-3910
Plaintiff pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

      Presently before the Court are a pro se complaint, an application to proceed *in forma pauperis*, and a motion to amend the complaint filed by Plaintiff Ronald Larkins. (Dkt. Nos. 1, 2, and 5.) Generally, Plaintiff alleges that he was wrongfully arrested and maliciously prosecuted. (Dkt. No. 1.) For the reasons discussed below, I grant Plaintiff's application to proceed *in forma pauperis*, recommend that the Court direct the Clerk to terminate the State of New York Office of the Attorney General as a Defendant in this action without leave to amend, recommend that the Court dismiss the claim for malicious prosecution with leave to amend, recommend that the Court dismiss the claim for false arrest without leave to amend, and order that Plaintiff's motion to amend the complaint be denied as moot.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

## II. SCREENING OF THE COMPLAINT

### A. Applicable Legal Standard

28 U.S.C. § 1915(e) (2006) directs that when "any person" proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.*

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

### B.     Allegations of the Complaint

Plaintiff alleges that he was driving his properly insured and registered gray Lexus sedan at 3:00 on the afternoon of August 24, 2010, when Defendant State Trooper Christopher Spath illegally stopped him and arrested him without a warrant or probable cause. (Dkt. No. 1 at 6.[2]) Defendant Spath was, at the time, on the lookout for a tan or brown car that had been involved in a menacing complaint in Onondaga County. *Id.* Plaintiff alleges that the "complaint in Cayuga County mentioned nothing about a vehicle from the only eyewitness to the alleged crime. The information out of Cayuga County was of

---

[2]     Citations to page numbers in the complaint refer to the page numbers assigned by the Court's electronic filing system.

a black man." *Id.* Plaintiff alleges that "information relied upon by the arresting officers" described a 5'6" black man between the ages of twenty and twenty-five. *Id.* at 9. Plaintiff is six feet tall and was, at the time, forty-five years old. *Id.* Plaintiff was handcuffed and strip searched twice. *Id.* at 6. No weapon was found on Plaintiff's person, "nor was there any weapon or dangerous instrument in plain view of defendant as defendant looked inside of plaintiff's car." *Id.*

Plaintiff was transported in handcuffs from Seneca County to Cayuga County and placed in a lineup. (Dkt. No. 1 at 6.) Plaintiff was the only African-American in the lineup of six people. *Id.* Defendant State Trooper Andrew Campbell then asked the victim if anyone looked familiar. *Id.* at 7. The victim replied that "the colored guy" looked familiar but "may have changed." *Id.* Plaintiff alleges that "[a]t no time did victim positively identify the plaintiff as the perpetrator of the alleged crime, as noted by defendant Campbell at trial of the plaintiff." *Id.*

Plaintiff was transported to Auburn State Police barracks, where he was photographed and fingerprinted. (Dkt. No. 1 at 7.) He was then arraigned in Weedsport Village Court on charges of robbery and weapons possession and held without bail. *Id.* Plaintiff's request for a probable cause/*Mapp* hearing[3] was denied. *Id.*

Plaintiff alleges that Defendant Investigator Jared Proper lied at trial by testifying that Defendant Campbell told him that the victim had positively identified Plaintiff. (Dkt. No. 1 at 7.) Plaintiff further alleges that Defendants caused his imprisonment "by deliberately using unjust evidence . . . consist[ing] of an erroneous identification by victims of another crime plaintiff has yet to go to trial for." *Id.* at 8.

At some point during his incarceration at the Cayuga County Jail, Plaintiff suffered an injury

---

[3] A *Mapp* hearing involves determining whether physical evidence should be suppressed. *Mapp v. Ohio*, 367 U.S. 643, 657 (1961).

that resulted in him being declared legally blind. (Dkt. No. 1 at 8.)

On July 16, 2013, Plaintiff's conviction was reversed on direct appeal. (Dkt. No. 1 at 7.) The Court of Appeals denied leave to appeal on June 27, 2014. *Id.*

Plaintiff filed this action on September 8, 2014. (Dkt. No. 1.) Plaintiff asserts claims for malicious prosecution and false arrest under 42 U.S.C. § 1983. *Id.* at 9-10. Plaintiff requests four million dollars in punitive and compensatory damages, attorney fees, costs, and an injunction prohibiting Defendants from prosecuting Plaintiff. *Id.* at 14.

**C.     Analysis**

1.     <u>Malicious Prosecution</u>

Plaintiff claims that the State of New York violated his constitutional rights by maliciously prosecuting him. (Dkt. No. 1 at 9.) Plaintiff describes this Defendant three different ways in the complaint. First, Plaintiff lists the "State of New York Office of the Attorney General" as a Defendant in his initial list of parties. *Id.* at 1. Second, Plaintiff describes this Defendant as the "State of New York, by and thru their attorney the Attorney General of the State of New York." *Id.* at 8. Third, Plaintiff states that the "State of New York [] commenced a criminal action against the plaintiff." *Id.* at 9.

42 U.S.C. § 1983 authorizes civil rights lawsuits against every "person" who, under color of law, deprives another person of his or her rights under the Constitution or other federal laws. 42 U.S.C. § 1983 (2006). "[N]either a state nor a state official in his official capacity is a 'person' within the meaning of Section 1983." *Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012). Thus, neither the "State of New York Office of the Attorney General" nor the "State of New York, by and thru their attorney the Attorney general of the State of New York" nor the "State of New York" are proper

defendants in this civil rights lawsuit. Therefore, I recommend that the Court dismiss the malicious prosecution claim.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* Here, the problem with the plaintiff's claims against the State of New York is substantive and could not be cured through better pleading. I therefore recommend that the State of New York Office of the Attorney General be terminated as a Defendant in this action without leave to amend. However, Plaintiff could possibly state a malicious prosecution claim against a different defendant who is a "person."[4] Therefore, I recommend that the Court dismiss this cause of action with leave to amend.

        2.      <u>False Arrest</u>

Plaintiff claims that Defendants Spath, Campbell, and Proper falsely arrested him on August 24, 2010, without probable cause or a warrant. (Dkt. No. 1 at 10.) This claim is barred by the applicable statute of limitations. I therefore recommend that the Court dismiss the claim without leave to amend.

Claims arising under 42 U.S.C. § 1983 are governed by state statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In New York, the general three-year limitations period governing personal injury claims applies to § 1983 claims. *Owens v. Okure*, 488 U.S. 235, 251 (1989). Accrual of

---

[4] The statute of limitations issue discussed below regarding Plaintiff's false arrest claim does not affect Plaintiff's malicious prosecution claim. The statute of limitations on a malicious prosecution claim begins to run when the underlying criminal action is conclusively terminated. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995).

the claim, however, is a question of federal law. *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). The Supreme Court has held that the statute of limitations on a federal claim for false arrest accrues when a criminal defendant is bound over by a magistrate or arraigned on charges. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). This is "[r]eflective of the fact that false imprisonment consists of detention without legal process [and] ends once the victim becomes held *pursuant to such process*." *Id.* (emphasis in original). Here, Plaintiff's cause of action for false arrest accrued when he was arraigned on or about August 24, 2010. (Dkt. No. 1 at 6-7.) The statute of limitations thus expired on or about August 24, 2013. Plaintiff did not file this action until September 2014. *Id.* at 1. Accordingly, Plaintiff's claim for false arrest is barred by the applicable statute of limitations. Therefore, I recommend that the Court dismiss the claim without leave to amend.

## III. MOTION TO AMEND THE COMPLAINT

Plaintiff submitted a letter to the Court "asking the Court to allow me to amend my complaint to include pertinent facts." (Dkt. No. 5.) The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15. Rule 15(a)(1) provides that a party may amend its complaint once as a matter of course until twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1). Here, the complaint has not yet been served and Plaintiff is thus entitled to amend the complaint as a matter of course. Plaintiff is, accordingly, not required to file a motion in order to amend his complaint. Therefore, the motion is denied as moot. As discussed above, it is recommended that Plaintiff be permitted to file an amended complaint regarding his malicious prosecution claim.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2 ) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion to amend the complaint be **DENIED AS MOOT**; and it is further

**RECOMMENDED** that the Court sua sponte dismiss the malicious prosecution claim with leave to amend within thirty days; and it is further

**RECOMMENDED** that the Court direct the Clerk to terminate the State of New York Office of the Attorney General as a Defendant without leave to amend; and it is further

**RECOMMENDED** that the Court sua sponte dismiss the false arrest claim without leave to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**</u>. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

Dated: November 24, 2014
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge